| | |
|---|---|
| American Civil Liberties Union of Minnesota, | Civil No. 09-138 (DWF/JJG) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER** |
| Tarek ibn Ziyad Academy; Islamic Relief USA; Alice Seagren, individually and in her capacity as Minnesota Commissioner of Education; Education; Asad Zaman; Asif Rahman; Mahrous Kandil; Mona Elnahrawy; Moira Fahey; and Mohamed Farid, individually and in their capacities as Directors of Tarek ibn Ziyad Academy, | |
| Defendants. | |

_____

Christopher Amundsen, Esq., Ivan M. Ludmer, Esq., Megan J. McKenzie, Esq., and Peter M. Lancaster, Esq., Dorsey & Whitney, LLP; and Teresa J. Nelson, Esq., American Civil Liberties Union of Minnesota, counsel for Plaintiff American Civil Liberties Union of Minnesota.

Erick G. Kaardal, Esq., and William F. Mohrman, Esq., Mohrman & Kaardal, counsel for Defendant Tarek ibn Ziyad Academy, Asad Zaman, Asif Rahman, Mahrous Kandil, Mona Elnahrawy, Moira Fahey, and Mohamed Faird.

Sarah E. Bushnell, Esq., and Max H. Kieley, Esq., Kelly & Berens, PA; and Scott J. Ward, Esq., and Timothy R. Obitts, Esq., Gammon & Grange, PC, counsel for Defendant Islamic Relief USA.

Kathryn M. Woodruff, Esq., and Tamar N. Gronvall, Esq., Minnesota Attorney General's Office, counsel for Alice Seagren.

_____

## INTRODUCTION

This matter is before the Court on a Motion to Certify Interlocutory Appeal and For Stay Pending Appeal brought by Islamic Relief USA ("Islamic Relief"). For the reasons set forth below, the Court denies the motion.

## BACKGROUND

Plaintiff American Civil Liberties Union of Minnesota ("Plaintiff") is a not-for-profit organization whose stated purpose is to protect the civil liberties guaranteed to Minnesotans by the state and federal constitutions and other state and federal laws. (Compl. ¶ 4.) Tarek ibn Ziyad Academy (together with Defendants Asad Zaman, Asif Rahman, Mahrous Kandil, Mona Elnahrawy, Moira Fahey, and Mohammed Farid, referred to as "TIZA") is a charter school that was established under the Minnesota Charter School Law ("MCSL"), Minn. Stat. § 124D.10, and is supported by both state and federal tax funds. (*Id.* at ¶¶ 6, 16.) Islamic Relief is a California not-for-profit organization and is TIZA's sponsor. (*Id.* at ¶ 7.)

In this litigation, Plaintiff seeks declaratory and injunctive relief against Defendants, alleging that the operation of TIZA violates the Establishment Clause of the First Amendment to the United States Constitution, the Minnesota Constitution, and the MCSL. In a July 21, 2009 Order (the "July 21 Order"), the Court granted in part and denied in part Defendants' motions to dismiss, holding in relevant part that Plaintiff has taxpayer standing to assert its Establishment Clause claims and that Plaintiff properly pleaded that Islamic Relief is a state actor under 42 U.S.C. § 1983. Islamic Relief now moves to certify the July 21 Order for interlocutory appeal pursuant to 28 U.S.C.

§ 1292(b) and to stay all further proceedings in this action pending final determination of the certified issues on appeal or pending the denial of Islamic Relief's petition for interlocutory appeal.[1] Specifically, Islamic Relief requests that the Court certify the following questions for interlocutory review:

> (1) After *Hein v. Freedom from Religion Found., Inc.*, 127 S. Ct. 2553 (2007), does a taxpayer have standing to challenge alleged state and federal Establishment Clause violations where the taxpayer does not challenge any legislative appropriation but rather the allocation of general education appropriations to a particular school by an executive agency?
>
> (2) Is a charter school sponsor a state actor for purposes of Establishment Clause claims brought under 42 U.S.C. § 1983 where the governing statute and contract reserve to the state and the charter school the responsibility to monitor and enforce compliance with the law and limit the sponsor's role after authorization to monitoring the school's fiscal and student performance and annually reporting to the State concerning these matters?

## DISCUSSION

### I. Legal Standard

Courts of appeals have jurisdiction over "all final decisions of the district courts." 28 U.S.C. § 1291. A district court may designate an otherwise non-final order as certified for interlocutory appeal under 28 U.S.C. § 1292(b). That statute provides, in relevant part:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the

---

[1] TIZA joins the motion to certify regarding the question of taxpayer standing and does not oppose the remainder of Islamic Relief's request.

3

order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

28 U.S.C. § 1292(b). Thus, under this provision, there are three criteria for certification: "(1) the order involves a controlling question of law; (2) there is substantial ground for difference of opinion; and (3) certification will materially advance the ultimate termination of the litigation." *White v. Nix*, 43 F.3d 374, 377 (8th Cir. 1994) (quotation omitted). Motions for certification should be "granted sparingly and with discrimination" due to the additional burdens that such appeals place on both the court and the litigants. *Id.* at 376. Section 1292(b) certification should be used only in exceptional cases and the movant bears a heavy burden to prove that the case is "an exceptional one in which immediate appeal is warranted." *Id.*

There appears to be no dispute that the two questions presented involve controlling questions of law and that the certification of the two questions would materially advance the ultimate termination of litigation. Instead, the parties dispute whether Islamic Relief can demonstrate the second criteria—that there is substantial ground for difference of opinion as to the proposed questions for certification. Identification of "a sufficient number of conflicting and contradictory opinions" would provide substantial ground for difference of opinion. *Nix*, 43 F.3d at 378 (quoting *Oyster v. Johns-Manville Corp.*, 568 F. Supp. 83, 88 (E.D. Pa. 1983)).

II.     **Taxpayer Standing**

Islamic Relief asserts that the law on the issue of taxpayer standing in this case is unsettled and that the July 21 Order is at odds with another decision issued within the

4

circuit—*Freedom From Religion Foundation, Inc. v. Olson*, 566 F. Supp. 2d 980 (D.N.D. 2008). Plaintiff, on the other hand, asserts that Islamic Relief has failed to correctly identify the basis for the Court's decision on taxpayer standing and further contends that there is no substantial ground for difference of opinion on the Court's standing decision.

The Court finds that there is no substantial ground for difference of opinion on the issue of taxpayer standing so as to warrant certification for interlocutory appeal. The question that Islamic Relief proposes be certified for appeal is not the issue that the Court considered in its July 21 Order. Islamic Relief argues that the relevant issue involves the standing of a taxpayer to challenge alleged Establishment Clause violations "where the taxpayer does not challenge any legislative appropriation but rather the allocation of general education appropriations . . . by an executive agency." (Islamic Relief's Mem. in Supp. of Mot. to Certify at 9.) Thus, Islamic Relief's proposed question for appeal requires a finding that Plaintiff here is *not* challenging a legislative action, but rather that Plaintiff is challenging a purely executive action. The Court, however, explained in the July 21 Order that Plaintiff *is* challenging a legislative action, more particularly that it is making an "as-applied" challenge to the distribution of funds pursuant to a legislative enactment:

> [U]nlike the plaintiff in *Hein* who challenged an executive action, Plaintiff here challenges the application of a state legislative act—the MCSL. The MCSL authorizes (or triggers) the use of taxpayer funds to operate charter schools by triggering funding under Minn. Stat. § 126C. The fact that the Commissioner has the responsibility to choose or authorize charter schools (which then in turn receive funding) does not mean that Plaintiff here is challenging an executive action.

(Doc. No. at 13-14.) The Court explained that even after the Supreme Court's decision in

5

*Hein*, taxpayers can establish standing to challenge otherwise constitutionally valid statutes "as applied" so long as they satisfy the nexus test set forth in *Flast v. Cohen*, 392 U.S. 83 (1968). (Doc. No. 60 at 13.)[2] In reaching this conclusion, the Court also relied on the Supreme Court decision in *Bowen v. Kendrick*, 487 U.S. 589, 622 (1988).[3]

In its reply memorandum, Islamic Relief asserts that *Freedom From Religion Foundation, Inc. v. Olson* is a conflicting decision that warrants certification. The Court disagrees. In *Olson*, the Dakota Boys and Girls Ranch, a publicly accredited Christian organization, received taxpayer appropriations pursuant to disbursement programs authorized by the North Dakota Legislative Assembly. *Olson*, 566 F. Supp. 2d at 984. While the Court acknowledges some degree of conflict between the *Olson* decision and the July 21 Order, the Court nonetheless concludes that certification is not warranted. First, the court in *Olson* explained that the plaintiffs challenged "the disbursement of

---

[2] *Flast* requires that the taxpayer establish "a logical link between [taxpayer] status and the type of enactment attacked" and "a nexus between that status and the precise nature of the constitutional infringement alleged." *Flast*, 392 U.S. at 102-03.

[3] In *Kendrick*, the Supreme Court allowed taxpayer plaintiffs to bring an "as applied" challenge to a legislative action that did not violate the Establishment Clause on its face, and explained that the taxpayer's challenge was not a challenge to an executive action "simply because the funding authorized by Congress has flowed through and been administered by the Secretary." 487 U.S. at 618-19. In *Hein*, plaintiff taxpayers challenged the Executive Branch's use of Congressional money to fund conferences put on by the executive's Faith-Based and Community Initiatives program; no congressional legislation specifically authorized the program or the corresponding executive office. In *Hein*, the Supreme Court distinguished *Kendrick*, noting that *Kendrick* involved a program for disbursement of funds that Congress had created, authorized, and mandated, and explained that the plaintiffs in *Hein* could not "paint their lawsuit as a *Kendrick* style as-applied challenge" because they did not cite to a statute whose application they challenged.

taxpayer appropriations made by individual executive branch officials" but that they did not attack "any legislative action or appropriation." *Id*. at 988-89. As explained above, however, the Court found that the Plaintiff in the present case *did* challenge a legislative action. Second, the court in *Olson* distinguished the Supreme Court's decision in *Kendrick* on the grounds that the statute at issue in *Kendrick* (the Adolescent Family Life Act) expressly contemplated that some money might go to projects involving religious groups and explained that the *Olson* plaintiffs challenged "neither a specific legislative appropriation . . . nor any program for the disbursement of funds collected through those appropriations." *Olson*, 566 F. Supp. 2d at 989-99. In the July 21 Order, however, the Court noted that the statute that Plaintiff challenges here—the MCSL—contemplates the possibility that a religious entity would receive money because it allows a charter school to lease space from sectarian organizations under certain circumstances. (Doc. No. 60 at 14 n.5 (citing Minn. Stat. § 124D.10, subd. 17).) Thus, the grounds on which the court in *Olson* distinguished *Kendrick* are not present here. Finally, in the July 21 Order, the Court disagreed with the notion that a statute must mention religion on its face to constitute a legislative enactment susceptible to a taxpayer challenge. (Doc. No. 60 at 13.) Instead, the Court determined that under *Kendrick* and *Flast*, neither of which was overruled by *Hein*, taxpayers can establish standing to challenge an otherwise constitutionally valid statute "as applied." While the Court in *Olson* distinguished *Kendrick*, and appears to be at odds with the July 21 Order on this point, the Court in *Olsen* did not explore the question of the continued availability of an "as applied" *Kendrick* style challenge that was central to this Court's July 21 Order.

7

For these reasons, the Court concludes that there is no clear indication that there is a conflict between the decisions. The Court declines to certify the question for interlocutory appeal.

## III. State Action

In its July 21 Order, the Court concluded that Plaintiff had sufficiently pleaded the elements of a "state action" so as to survive Islamic Relief's motion to dismiss. The Court concluded that Plaintiff's state action allegations, if borne out in discovery, could show that Islamic Relief performs functions traditionally provided exclusively by the state and that the Minnesota Department of Education and TIZA are entwined with Islamic Relief.

Islamic Relief now asserts that the question of whether Islamic Relief is a state actor for purposes of 42 U.S.C. § 1983 is a significant question of constitutional and statutory law that satisfies § 1292(b). In addition, Islamic Relief asserts that because it has no statutory or contractual authority or duty to monitor or prevent the conduct of which Plaintiff complains, there is substantial ground for difference of opinion with respect to whether Islamic Relief may be considered a state actor under § 1983 for purposes of an Establishment Clause claim. In support, Islamic Relief points out that the MCSL and its sponsor contract do not permit Islamic Relief to monitor or enforce the charter school's compliance with the Establishment Clause.

The Court concludes that Islamic Relief's arguments with respect to the present motion are factual in nature, and therefore do not raise an appropriate issue for appeal. Islamic Relief contends that because the MCSL and sponsor contract do not permit

8

Islamic Relief to monitor or enforce TIZA's compliance with the Establishment Clause, Islamic Relief cannot be considered a state actor. However, Plaintiff's allegations pertaining to Islamic Relief's state action go beyond the bare provisions of the MCSL and sponsor contract and contradict Islamic Relief's assertions. Plaintiff alleges that as TIZA's sponsor, Islamic Relief is required to monitor and evaluate student and fiscal performance; that Islamic Relief authorized TIZA for the Minnesota Department of Education; that Islamic Relief, along with TIZA, set TIZA's policies to endorse a religion; and that Islamic Relief failed to ensure that TIZA did not promote a religion. The Court reiterates that, if established as true after discovery, these allegations could show that Islamic Relief performs functions traditionally provided exclusively by the state and that MDE and TIZA are entwined with Islamic Relief. The Court denies Islamic Relief's motion to certify the question regarding state action.

## CONCLUSION

Based on the files, records, and proceedings herein, and for the reasons set forth above, **IT IS ORDERED** that:

1. Islamic Relief's Motion to Certify Interlocutory Appeal and For Stay Pending Appeal (Doc. No. 68) is **DENIED**.

Dated: September 24, 2009　　　　　　　s/Donovan W. Frank
　　　　　　　　　　　　　　　　　　　DONOVAN W. FRANK
　　　　　　　　　　　　　　　　　　　United States District Judge