| | |
|---|---|
| American Civil Liberties Union of Minnesota, | Civil No. 09-138 (DWF/JJG) |
| Plaintiff, | |
| v. | **ORDER AND MEMORANDUM** |
| Tarek ibn Ziyad Academy; Islamic Relief USA; Alice Seagren, individually and in her capacity as Minnesota Commissioner of Education; Asad Zaman; Asif Rahman; Mahrous Kandil; Mona Elnahrawy; Moira Fahey; and Mohamed Farid, individually and in their capacities as Directors of Tarek ibn Ziyad Academy, | |
| Defendants. | |

_____

Christopher Amundsen, Esq., Ivan M. Ludmer, Esq., Peter M. Lancaster, Esq., Katie C. Pfeifer, Esq., Mark D. Wagner, Esq., and Dustin Adams, Esq., Dorsey & Whitney LLP; and Teresa J. Nelson, Esq., American Civil Liberties Union of Minnesota, counsel for Plaintiff American Civil Liberties Union of Minnesota.

Shamus P. O'Meara, Esq., Mark R. Azman, Esq., and Margaret Ann Mullin, Esq., Johnson and Condon, PA, counsel for Defendant Tarek ibn Ziyad Academy, Asad Zaman, Asif Rahman, Mahrous Kandil, Mona Elnahrawy, Moira Fahey, and Mohamed Faird, as to all claims asserted against these Defendants.

Sarah E. Bushnell, Esq., and Max H. Kiely, Esq., Kelly & Berens, PA; and Scott J. Ward, Esq., and Timothy R. Obitts, Esq., Gammon & Grange, PC, counsel for Defendant Islamic Relief USA.

Kathryn M. Woodruff and Tamar N. Gronvall, Assistant Attorneys General, Minnesota Attorney General's Office, counsel for Alice Seagren.

_____

**INTRODUCTION**

This matter is before the Court on objections to Magistrate Judge Jeanne J. Graham's July 13, 2010 Order (Doc. No. [328]) brought by Defendants Tarek ibn Ziyad Academy ("TiZA"). (Doc. No. [332].) Plaintiff American Civil Liberty Union of Minnesota ("ACLU") filed a memorandum in opposition to TiZA's objections. (Doc. No. [337].) The Court must modify or set aside any portion of the Magistrate Judge's order found to be clearly erroneous or contrary to law.[1] *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); Local Rule 72.1(b)(2). This is an "extremely deferential" standard. *Reko v. Creative Promotions, Inc.*, 70 F. Supp. 2d 1005, 1007 (D. Minn. 1999). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Chakales v. Comm'r of Internal Revenue*, 79 F.3d 726, 728 (8th Cir. 1996) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)).

For the reasons set forth in the memorandum below, the Court finds that Magistrate Judge Graham's July 13, 2010 Order is neither clearly erroneous nor contrary to law. Therefore, the Court overrules TiZA's objections and affirms Magistrate Judge Graham's July 13, 2010 Order in all respects for the reasons stated in this opinion.

---

[1] TiZA asserts that *de novo* review applies here. The Court disagrees. Magistrate Judge Graham's order is not dispositive of any claim or defense in this action. Even if the Court reviewed the Magistrate Judge's order *de novo*, it would reach the same result.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Magistrate Judge Jeanne J. Graham's July 13, 2010 Order (Doc. No. [328]) is **AFFIRMED.**

Dated: October 1, 2010        s/Donovan W. Frank
DONOVAN W. FRANK
United States District Judge

**MEMORANDUM**

On July 13, 2010, Magistrate Judge Graham issued an order granting the ACLU's motion for a protective order to prevent the enforcement by TiZA of non-disclosure/confidentiality agreements against former or current TiZA employees. (Doc. No. 328 at ¶ 2.)[2] In the July 13 Order, Magistrate Judge Graham ordered TiZA

---

[22] TiZA employee handbooks contain some variation of a clause that reads as follows:

> Throughout the performance of job responsibilities, staff members are also exposed to confidential information related to the operation of Tarek ibn Ziyad Academy. Confidential information includes, but is not limited to, all information related to Academy business, finances, operations, office procedures and the like. The obligation to maintain the confidentiality of the Academy's confidential information exists throughout a staff member's employment and following the termination of employment.
>
> Unauthorized release of confidential information is grounds for disciplinary action up to an including immediate termination of employment and may be grounds for legal action after termination.

(Decl. of Mark D. Wagner ("Wagner Decl."), Doc. No. 310, ¶ 4, Ex. 3 at 6.)

3

"not to commence legal action against its former or current employees for disclosures they may make in connection with this litigation." (*Id.*)

TiZA maintains that in the July 13, 2010 Order, the Magistrate Judge effectively adjudicated the enforceability of TiZA's employment contracts without affording TiZA an opportunity to be heard. In addition, TiZA claims that the ACLU wants to secretly interview former TiZA employees without regard to whether the former employees are represented by counsel.

The ACLU claims that TiZA's position with respect to the confidentiality clause contained in employee handbooks is just one of a string of efforts on the part of TiZA to prevent the ACLU and the public from learning about the school's internal operations. The ACLU asserts that it has contacted former TiZA employees consistent with ethics rules but that at least one former teacher has expressed concern that speaking to the ACLU would expose him to a civil suit by TiZA for breaching the confidentiality clause. The ACLU also asserts that TiZA has refused to agree to refrain from enforcing the confidentiality clause.

As an initial point, the Court notes that Magistrate Judge Graham did not declare TiZA's employment contracts to be unenforceable. Instead, Magistrate Judge Graham, "[p]ursuant to [the Court's] inherent authority to maintain the integrity of the proceedings," ordered TiZA not to commence legal action against its former or current employees for disclosures that they may make "in connection with this litigation." (July 13, 2010 Order ¶ 2.) The Court also notes that the current lawsuit is not about the validity or invalidity of TiZA's employment contracts with its former teachers. Rather,

this lawsuit is centered on the ACLU's allegation that TiZA's use of public funds violates the Establishment Clause of the First Amendment to the United States Constitution because TiZA advances and prefers Islam over other religions or nonreligious approaches. Thus, in the Court's view, the relevant question with respect to the parties' present dispute is why TiZA, a public charter school, does not want to allow its former and current employees to participate in the informal discovery process to ascertain the truth about how TiZA operates.[3] In the Court's experience, current and former employees of an institution are often fruitful sources of information regarding the operations of that institution. In addition, it appears that information related to TiZA's business, finances, operations, and office procedures is public data and cannot be kept secret. Despite this, it also appears that TiZA, a public institution, is behaving more like a private institution by maintaining that a confidentiality clause in its employee handbooks may be grounds for termination or legal action if a current or former employee provides relevant, public information in this action. Without deciding the issue, it appears to the Court that any such confidentiality agreement is contrary to public policy when applied to a public employer like TiZA.

TiZA should also be aware of the evidentiary implications of seeking to prevent its current and former employees from participating in the discovery process. It is clear

---

[3] TiZA concedes that witnesses providing testimony or other statements during judicial proceedings are protected by an absolute privilege from liability. (TiZA Mem., Doc. No. 332, at 4.) The parties' current dispute centers on TiZA's ability to sue over informal communications made during informal discovery.

from TiZA's submissions to the Court that TiZA does not want its employees to provide relevant information pertinent to this action. Regardless of the validity or enforceability of TiZA's employment contract, the Court may be required to weigh the evidentiary implications of TiZA's conduct should TiZA attempt to prevent current or former employees from providing information in this action. Specifically, the Court may be required to draw adverse inferences about how TiZA operates as a result of TiZA's efforts to keep information about its operations secret. In addition, it should go without saying that, apart from the employment contract issue, intimidation and threats will not sit well with a fact-finder such as a jury. From what the Court can discern on the record currently before it, TiZA's behavior during the discovery process thus far in the case has not been consistent with a good faith search for the truth.

Based upon the record before the Court and for the reasons stated, the Court has affirmed Magistrate Judge Jeanne J. Graham's Order of July 13, 2010.

D.W.F.