UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| American Civil Liberties Union of Minnesota, | Civil No. 09-138 (DWF/JJG) |
| Plaintiff, | |
| v. | **ORDER** |
| Tarek ibn Ziyad Academy; Islamic Relief USA; Brenda Cassellius, in her capacity as Minnesota Commissioner of Education; Asad Zaman; Asif Rahman; Mahrous Kandil; Mona Elnahrawy; Moira Fahey; and Mohamed Farid, individually and in their capacities as Directors of Tarek ibn Ziyad Academy, | |
| Defendants. | |

Christopher A. Amundsen, Esq., Ivan M. Ludmer, Esq., Peter M. Lancaster, Esq., Dustin Adams, Esq., Katie C. Pfeifer, Esq., Mark D. Wagner, Esq., and Shari L J. Aberle, Esq., Dorsey & Whitney LLP; and Teresa J. Nelson, Esq., American Civil Liberties Union of Minnesota, counsel for Plaintiff American Civil Liberties Union of Minnesota.

Erick G. Kaardal, Esq., and William F. Mohrman, Esq., Morhman & Kaardal, counsel for Applicants for Intervention.

Shamus P. O'Meara, Esq., Mark R. Azman, Esq., and Margaret Ann Mullin, Esq., Johnson and Condon, PA, counsel for Defendant Tarek ibn Ziyad Academy, Asad Zaman, Asif Rahman, Mahrous Kandil, Mona Elnahrawy, Moira Fahey, and Mohamed Faird, as to all claims asserted against these Defendants.

Sarah E. Bushnell, Esq., and Max H. Kiely, Esq., Kelly and Hannah, PA; and Scott J. Ward, Esq., and Timothy R. Obitts, Esq., Gammon & Grange, PC, counsel for Defendant Islamic Relief USA.

Kathryn M. Woodruff and Tamar N. Gronvall, Assistant Attorneys General, Minnesota Attorney General's Office, counsel for Brenda Cassellius.

Benjamin Loetscher, Esq., and Ferdinand F. Peters, Esq., Ferdinand F. Peters, Esq. Law Firm, counsel for Movants Muslim American Society of Minnesota, Minnesota Education Trust, MAS-Minnesota Property Holding Company, Blaine Property Holding Company, and Minnesota Education Trust.

---

This matter is before the Court on a Motion for Confirmation of Settlement Agreements and a Motion to Strike Jury Demands brought by the American Civil Liberties Union of Minnesota (the "ACLU").  The Court addresses both motions, and other outstanding issues, below.

I.     **Motion to Confirm Settlements**

Plaintiff has notified the Court that it has reached settlement agreements with both Defendants Islamic Relief USA ("Islamic Relief") and Brenda Cassellius, Commissioner of Education (the "Commissioner").  As part of the settlements, Plaintiff, Islamic Relief, and the Commissioner compiled a Stipulation of Facts that those parties believe should not be in dispute.  (*See* Doc. No. 550, Pfeifer Decl. ¶ 2, Ex. 1(A).)  Attached to the Stipulation of Facts are documents that purportedly support the facts, some of which have been marked confidential by either TiZA[1] or third-parties, including the Muslim American Society of Minnesota ("MAS-MN"), the Minnesota Education Trust ("MET"),

---

[1]     Defendants Tarek ibn Ziyad Academy ("TiZA") and its directors, Asad Zaman, Asif Rahman, Mahrous Kandil, Mona Elnahrawy, Moira Fahey, and Mohammed Farid (the "Individual Defendants") are collectively referred to as "TiZA Defendants."

MAS-MN Property Holding Corporation ("MAS-MN PHC"), Blaine Property Holding Corporation ("Blaine PHC"), Tunheim Partners, and Tasia Islam.

The ACLU brought its motion to confirm the settlement because it does not believe that any of the facts recited in the Stipulation of Facts, or any of the attached documents, are in fact confidential and asserts that they should not be withheld from the public. The ACLU also claims that the effectiveness of its settlement with the Commissioner depends on the agreement, Stipulation of Facts, and supporting documents being made public.

TiZA Defendants oppose the ACLU's motion to confirm.[2] TiZA Defendants argue that the Stipulation of Facts is the product of the ACLU's desire to use the federal discovery process to obtain information for needless publicity outside of this litigation. For this reason, TiZA Defendants ask the Court to either strike the Stipulation of Facts or declare it confidential under the Protective Order.

It is apparent that the Court's role with respect to this particular motion is limited, and the ACLU's proposed order underscores the narrow issues before the Court. Specifically, the ACLU requests the following order:

> 1. The Settlement Agreement and Release of Claims between the ACLU and Defendant Brenda Cassellius, the Commissioner of the Minnesota Department of Education . . . including all of the exhibits attached to the Settlement Agreement, need not be restricted pursuant to the Protective Order entered in this case because no good

---

[2] In addition, third-parties Tunheim Partners, MAS-MN, MET, MAS-MN PHC, and Blaine PHC all oppose removing confidentiality designations to documents they produced in this action. (*See* Doc. Nos. 609 & 616.)

>    cause for confidential treatment pursuant to Fed. R. Civ. P. 26(c) has
>    been demonstrated by any party so designating such documents [].
>
> 2. The Court will maintain jurisdiction over this matter to enforce the
>    terms of the Settlement Agreement.
>
> 3. The Court directs the ACLU and the Commissioner to jointly submit
>    their Stipulation for Dismissal of Claims by American Civil
>    Liberties Union of Minnesota Against Commissioner Brenda
>    Cassellius (Exhibit C to the Settlement Agreement) for the Court's
>    execution.

(ACLU Proposed Order.)

The Court has reviewed the contested documents[3] and concludes that the only documents that fall under the definition of "Confidential" in the Protective Order[4] or are otherwise confidential under Federal Rule of Civil Procedure 26(c) are those documents that were produced and designated confidential by Tunheim Partners. These documents are attached to the Stipulation of Facts at Tab Nos. 307, 308, 309, 310, 318, 329, 330, 331, 332, 333, 334, 344, and 576. Tunheim Partners is a public relations firm that

---

[3] The contested documents are those documents that continue to be deemed confidential as provided (in chart form) in the ACLU's Memorandum of Law in Support of its Motion for Confirmation of Settlement Agreements. (Doc. No. 549 at 3-5.)

[4] The Protective Order defines "Confidential" as information that "may include any information within the ambit of Rule 26(c), including information that, if publicly disclosed, may cause undue annoyance, embarrassment, or oppression. It may also include information classified as 'education records' under the Family Educational Rights and Privacy Act (FERPA); information identifying Islamic Relief donors or Islamic Relief employees who have no connection with TiZA or the Interested Organizations; information relating to Islamic Relief finances; information relating to TiZA students or parents of TiZA students who have no connection with the Interested Organizations; and information relating to ACLU donors, ACLU finances, or ACLU employees." (Doc. No. 160 at 2.)

produced documents in this action pursuant to a subpoena duces tecum. TiZA was a public relations client of Tunheim Partners. The documents produced by Tunheim Partners that the ACLU now seeks to make public include billing and rate information, strategic communications, and letters from third parties that were attached to strategic communications. The Court concludes that those documents were properly designated confidential, that they shall remain confidential and subject to the Protective Order, that they shall not be disclosed to the public, and that the Stipulation of Facts shall be revised to remove any reference to those documents or information obtained from those documents.

As to all other remaining contested documents, the Court concludes that no good cause for confidential treatment has been demonstrated by any party designating the documents as confidential. In particular, none of the documents are "trade secret[s] or other confidential research, development, or commercial information" protectable under Federal Rule of Civil Procedure 26(c)(1)(G). Nor are the documents properly designated under the definition of "Confidential" in the Protective Order. Accordingly, the contested documents that were not produced and designated confidential by Tunheim Partners need not be restricted or given confidential treatment.[5]

---

[5] The Court understands that allowing for documents to be deemed "Confidential" during the discovery process facilitates the exchange of information. However, the "Confidential" designation is properly reexamined at this time.

The Court also notes that the ACLU is free, consistent with the Court's ruling on the confidentiality of the supporting documents, to release or circulate the Stipulation of Facts as properly amended.

5

The Court shall retain jurisdiction over this matter to enforce the terms of the Settlement Agreement for one year.

## II.     Motion to Strike Jury Demands

The ACLU also moves to strike jury demands.  The ACLU argues that after judgment is entered for the Commissioner and Islamic Relief, no right to jury trial exists for the remaining claims.  The ACLU asserts that the remaining Establishment Clause claims are equitable in nature.  In particular, the ACLU asserts that the refund of money that it seeks in this action (requiring TiZA Defendants to repay state funds received in violation of the Establishment Clause) is equitable in nature and does not give rise to a jury trial right in this case.

TiZA Defendants oppose the motion to strike jury demands.  TiZA Defendants argue that the ACLU has twice made unqualified demands for a jury and has maintained these demands since the beginning of this action.  As a result, TiZA Defendants argue that the ACLU has waived any position to the contrary.  Moreover, TiZA Defendants assert that the ACLU's restitution claim constitutes substantial monetary relief in the form of substantial legal damages, and therefore their right to a jury trial should be protected.

The Court concludes that the fact that the ACLU has made and maintained a demand for a jury trial, along with the fact that the ACLU seeks substantial monetary relief, makes it proper to place the case before a jury.  Therefore, the ACLU's motion to strike jury demands is denied.

6

### III.   Outstanding Issues

The Court also deferred ruling on two issues that were raised in the parties' briefing on their respective motions for summary judgment. Specifically, the Court deferred ruling on the issue of whether the settlement reached between the ACLU and Islamic Relief was reasonable and made in good faith until after a decision was made on the pending motion for confirmation of settlement. The Court also deferred ruling on Islamic Relief's and the Commissioner's requests that the Court direct entry of a final judgment as to Islamic Relief's and the Commissioner's cross-claims for indemnification against TiZA under Rule 54(b). The Court addresses these issues in turn below.[6]

#### A.   Settlement Amount

By Order dated April 20, 2011, the Court granted Islamic Relief's and the Commissioner's motions for summary judgment on their respective cross-claims for indemnification, finding that both Islamic Relief and the Commissioner were entitled to indemnification as a matter of law. (Doc. No. 606 at 32.) The Court, however, deferred ruling on the issue of whether the settlement between Islamic Relief and the ACLU was reasonable and made in good faith. (*Id.*) The Court considers that issue now.

On December 28, 2010, Islamic Relief advised TiZA that it had reached the terms of a settlement in principle with the ACLU, which included a payment of $267,500 in professional fees and disbursements. (Doc. No. 512, Bushnell Aff. ¶ 10, Ex. I.) Islamic

---

[6]   The Court will issue a separate order on Islamic Relief's Motion for Attorneys' Fees and Costs (Doc. No. 645) and the Commissioner's Petition for Attorneys' Fees and Costs (Doc. No. 642).

Relief sought indemnification for the settlement agreement between it and the ACLU, but TiZA Defendants argued that Islamic Relief may not recover its settlement payment because Islamic Relief cannot establish that the settlement was reasonable and made in good faith. TiZA Defendants' primary argument was, that until Islamic Relief and the ACLU produce an executed agreement that is approved by the Court, a motion to seek payment is premature.

Islamic Relief has submitted evidence that the estimated cost of continuing this litigation through trial would cost approximately $420,000, and that the settlement payment constitutes a cost of defense settlement that reflects Islamic Relief's judgment that it did not make sense to spend more money defending the lawsuit than the amount for which it could settle. (Doc. No. 511, Obitts Decl. ¶ 4.) Islamic Relief also submits that there is some risk that it could be found liable for the alleged Establishment Clause violations and attorney fees. Having reviewed the parties' arguments and considering the record in its totality, the Court concludes that Islamic Relief's settlement with the ACLU for $267,500 is reasonable and made in good faith.

**B.    Rule 54(b)**

Rule 54(b) provides:

When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time

before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b). In deciding whether to certify a judgment under Rule 54(b), the Court must determine that the judgment is final and "whether there is any just reason for delay." *Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 7-8 (1980). Here, the Court determines that the April 20, 2011 Order represents a final judgment on Islamic Relief's and the Commissioner's cross-claims for indemnification. Moreover, the Court determines that there is no just reason for delaying entry of judgment on Islamic Relief's and the Commissioner's cross-claims. The indemnification claims are distinct from the other issues pending before the Court, and the issues underlying the Court's decision on the indemnification cross-claims will not be revisited by the Court. Accordingly, the Court grants both Islamic Relief's and the Commissioner's requests to direct entry of final judgment under Fed. R. Civ. P. 54(b).

## CONCLUSION

Based on the files, records, and proceedings herein, and for the reasons set forth above, **IT IS HEREBY ORDERED** that:

1.  Plaintiff's Motion to Confirm Settlements (Doc. No. [547]) is **GRANTED IN PART** and **DENIED IN PART** as follows:

    a.  The documents obtained by subpoena from Tunheim Partners that were designated confidential (Stipulation of Facts at Tab Nos. 307, 308, 309, 310, 318, 329, 330, 331, 332, 333, 334, 344, and 576) shall remain confidential and subject to the Protective Order and shall not be

9

disclosed to the public, and the Stipulation of Facts shall be revised to remove any reference to those documents or information obtained from those documents.

      b.     Subject to Paragraph 1a. above, the Settlement Agreement and Release of Claims between the ACLU and the Commissioner (Doc. No. 550, Pfeifer Decl. ¶ 2, Ex. 1), including all of the exhibits attached to the Settlement Agreement that are not confidential under Paragraph 1a. above, need not be restricted pursuant to the Protective Order.

    2.     The Court will maintain jurisdiction over this matter to enforce the terms of the Settlement Agreement for one year.

    3.     The Court directs the ACLU and the Commissioner to jointly submit their Stipulation for Dismissal of Claims by American Civil Liberties Union of Minnesota Against Commissioner Brenda Cassellius (Exhibit C to the Settlement Agreement) for the Court's execution.

    4.     Plaintiff's Motion to Strike Jury Demands (Doc. No. [599]) is **DENIED.**

    5.     Islamic Relief's Motion for Summary Judgment on Cross-Claim for Indemnification as Against TiZA (Doc. No. [509]) is **GRANTED** insofar as the Court concludes that the settlement between Islamic Relief and the ACLU is reasonable and made in good faith.

    6.     TiZA is liable to Islamic Relief for the $267,500 settlement payment that Islamic Relief made to the ACLU in settlement of the ACLU's claims against Islamic Relief.

7. Islamic Relief's (Doc. No. [509]) and the Commissioner's (Doc. No. [507]) requests to direct entry of final judgment under Fed. R. Civ. P. 54(b) are **GRANTED**.

8. The Clerk of Court shall enter final judgment under Fed. R. Civ. P. 54(b) on Islamic Relief's cross-claim for indemnification and the Commissioner's cross-claim for indemnification.

Dated:  September 29, 2011               <u>s/Donovan W. Frank</u>
                                         DONOVAN W. FRANK
                                         United States District Judge