## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| American Civil Liberties Union of Minnesota, | Civil No. 09-138 (DWF/JJG) |
| Plaintiff, | |
| v. | **ORDER** |
| Tarek ibn Ziyad Academy; Islamic Relief USA; Brenda Cassellius, in her capacity as Minnesota Commissioner of Education; Asad Zaman; Asif Rahman; Mahrous Kandil; Mona Elnahrawy; Moira Fahey; and Mohamed Farid, individually and in their capacities as Directors of Tarek ibn Ziyad Academy, | |
| Defendants. | |

---

Christopher A. Amundsen, Esq., Ivan M. Ludmer, Esq., Peter M. Lancaster, Esq., Dustin Adams, Esq., Katie C. Pfeifer, Esq., Mark D. Wagner, Esq., and Shari L J. Aberle, Esq., Dorsey & Whitney LLP; and Teresa J. Nelson, Esq., American Civil Liberties Union of Minnesota, counsel for Plaintiff American Civil Liberties Union of Minnesota.

Larry B. Ricke, Esq., Ricke & Sweeney, PA, counsel for Defendant Tarek ibn Ziyad Academy.

Shamus P. O'Meara, Esq., Mark R. Azman, Esq., and M. Ann Mullin, Esq., Johnson and Condon, PA, counsel for Defendants Asad Zaman, Asif Rahman, Mahrous Kandil, Mona Elnahrawy, Moira Fahey, and Mohamed Faird.

Sarah E. Bushnell, Esq., Kelly and Hannah, PA; and Scott J. Ward, Esq., and Timothy R. Obitts, Esq., Gammon & Grange, PC, counsel for Defendant Islamic Relief USA.

Kathryn M. Woodruff and Tamar N. Gronvall, Assistant Attorneys General, Minnesota Attorney General's Office, counsel for Brenda Cassellius.

Benjamin Loetscher, Esq., and Ferdinand F. Peters, Esq., Ferdinand F. Peters, Esq. Law Firm, counsel for Movants Muslim American Society of Minnesota, Minnesota Education Trust, MAS-Minnesota Property Holding Company, Blaine Property Holding Company, and Minnesota Education Trust.

**INTRODUCTION**

This matter is before the Court on a Motion for Attorneys' Fees and Costs (Doc. No. 645) brought by Defendant/Cross-Claimant Islamic Relief USA ("IRUSA") and a Petition for Attorneys' Fees and Costs Pursuant to D.Minn. LR 54.3(b)(2) (Doc No. 642) brought by Commissioner Brenda Cassellius (the "Commissioner"). The Court grants the motions in part as explained below.

**BACKGROUND**

In an order dated April 20, 2011, the Court granted in part both IRUSA's and the Commissioner's motions for summary judgment, explaining that the portions of IRUSA's and the Commissioner's motions that were directed at their respective cross-claims for indemnification against Tarek ibn Ziyad Academy ("TiZA") were granted. (Doc. No. 606 at 33-34.) Thus, the Court held that both IRUSA and the Commissioner were entitled to indemnification under the Charter School Contract that governed their relationship with TiZA.[1] (*Id.*) In so holding, the Court determined as a matter of law that

---

[1] The Minnesota Charter School Law requires that a charter school have a sponsor or authorizer and that the authorization for a charter school be in the form of a written contract signed by the sponsor or authorizer and the board of directors of the charter school. Minn. Stat. § 124D.10, subd. 6. In 2003, IRUSA and TiZA entered into the Charter School Contract, which was renewed twice. (Doc No. 512, Aff. of Sara E.
(Footnote Continued on Next Page)

both IRUSA and the Commissioner had tendered their respective defenses to TiZA in July 2009.  (*Id*. at 29-30.)  By Order dated September 29, 2011, the Court, among other things, directed the Clerk of Court to enter final judgment under Fed. R. Civ. P. 54(b) on IRUSA's cross-claim for indemnification and the Commissioner's cross-claim for indemnification.  (Doc. No. 681 at 11.)[2]  Judgment was entered on October 3, 2011.  (Doc. No. 682.)  Plaintiff American Civil Liberties Union of Minnesota (the "ACLU") has reached settlement agreements with both the Commissioner and IRUSA.

IRUSA and the Commissioner now move the Court separately for an order requiring TiZA to reimburse them for their respective attorney fees and costs.  IRUSA seeks attorney fees and costs in the amount of $961,921.90.  The Commissioner seeks attorney fees and costs in the amount of $480,876.50.  TiZA opposes both requests.

---

(Footnote Continued From Previous Page)
Bushnell ("Bushnell Aff.") ¶¶ 4-6, Exs. C, D & E.)  Section 5.4 of the 2003 and 2006 version of the Charter School Contract reads:

> The CHARTER SCHOOL shall assume full liability for its activities and shall indemnify and hold harmless the Commissioner and the Sponsor, its officers, and their agents and employees from any suits, claims, or liability arising under this Contract.  The parties recognize and agree that the Commissioner and the Sponsor are immune from liability under this Contract under Minnesota Statutes section 124D.10, subdivision 25 (1994), as amended, and this paragraph is not intended to modify or otherwise affect that provision or any other law.

(*Id.* ¶¶ 4, 5, Exs. C & D at § 5.4.)

[2]   In that order, the Court also concluded that TiZA is liable to IRUSA for the $267,500 settlement payment that IRUSA made to the ACLU in settlement of the ACLU's claims against IRUSA.  (Doc. No. 681 at 8 & 10.)

## DISCUSSION

I. **Court's Determination of Attorney Fees Arising Out of Indemnification Agreements**

The Court previously ruled that both IRUSA and the Commissioner were entitled to indemnification. TiZA asserts, however, that the amount of attorney fees and costs must be proved at trial as an element of damages, and that such fees and costs must therefore be determined by the jury. IRUSA and the Commissioner both disagree and maintain that attorney fees and costs should be decided by the Court.

After reviewing the authority cited by the parties, the Court concludes that the Court can properly decide the amount of attorney fees and costs to be awarded. In particular, the Court notes that in *Spirtas Co. v. Insurance Company of the State of Pennsylvania*, the Eighth Circuit Court of Appeals considered an appeal related to the reimbursement of attorney fees pursuant to an indemnification agreement. 555 F.3d 647 (8th Cir. 2009). In *Spirtas*, the appellants argued that questions of fact existed as to the reasonableness of the requested attorney fees and that summary judgment was inappropriate. *Id*. at 654. The Eighth Circuit explained: "We have repeatedly stated, however, that the district courts rather than juries are the authorities as to the reasonableness of attorney fees. As such, fee award determinations generally do not involve jury questions . . . ." *Id*. The Eighth Circuit further explained that "[t]his is true whether the fee award occurs in the context of a grant of summary judgment or following a jury trial." *Id*. Therefore, the Court determines the reasonableness of the requested fees and costs below.

## II. Calculation of Fees

In calculating reasonable attorney fees, the Court begins by calculating the "lodestar"—the product of the number of hours reasonably expended on the litigation and the reasonable hourly rate at which those hours should be billed. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).[3] The reasonableness of a fee depends upon a number of factors, including "the plaintiff's overall success; the necessity and usefulness of the plaintiff's activity in the particular matter for which fees are requested; and the efficiency with which the plaintiff's attorneys conducted that activity." *Jenkins v. Missouri*, 127 F.3d 709, 718 (8th Cir. 1997). *See also State v. Humphrey v. Alpine Air Prods.*, 490 N.W.2d 888, 896 (Minn. Ct. App. 1992), *aff'd*, 500 N.W.2d 788 (Minn. 1993) (affirming an award of attorney fees where court carefully considered (1) time and labor involved, (2) nature and difficulty of responsibility assumed, (3) amount involved and result obtained, (4) fees customarily charged for similar legal services, and (5) experience and reputation of counsel). "[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Hensley*, 461 U.S. at 437.

---

[3]   IRUSA argues that even though its fees and costs are reasonable under *Hensley v. Eckerhart*, it is entitled to recover all of the fees and costs actually paid, regardless of their reasonableness. While the Court agrees that the nature of a fees request under an indemnification agreement differs in some respects from a request under a fee-shifting statute, it remains appropriate in this case to consider the reasonableness of the fees requested.

### A.     The Commissioner's Request

The Commissioner requests an award of attorney fees in the amount of $289,206.60 and costs in the amount of $191,669.90, for a total of $480,876.50. In support, the Commissioner relies on the Affidavit of Tamar N. Gronvall. (Doc. No. 643, Aff. of Tamar N. Gronvall ("Gronvall Aff.")). Attached to the Gronvall Affidavit is an itemized summary of the attorney fees and costs requested by the Commissioner. (*Id.* ¶ 2, Ex. 1.) The Commissioner requests fees for the work performed by Tamar N. Gronvall and Kathryn M. Woodruff, but does not request fees for other attorneys who assisted in this case. (*Id.* ¶ 3.) The request covers work performed from July 2009 through January 31, 2011, plus work performed in connection with the April 29, 2011 Motion to Confirm Settlements. (*Id.*) The fee request excludes work performed and costs related to litigation over the Commissioner's right to indemnification from TiZA. (*Id.*) The adjusted total hours requested amount to 976.1 hours for Tamar N. Gronvall at $114 per hour and 1560.8 hours for Kathleen M. Woodruff at $114 per hour. (*Id.*, Ex. 2.)

The requested costs include $26,108.01 for deposition transcripts for over forty days of deposition testimony, $162,520.79 for electronic discovery and document management, $2,675.00 for mediation, $290.50 for hearing transcripts, and $75.60 in delivery charges. (*Id.* ¶ 3, Ex. 1.) The Commissioner explains that the amount of costs requested reflects deductions of roughly $15,000 for costs unrelated to this litigation. (*Id.* ¶ 4.)

TiZA argues that the Commissioner's claim for fees and costs is per se unreasonable, in particular because the Commissioner's submissions do not provide the Court with adequate support for the hours claimed. TiZA argues that nearly every time entry submitted by the Commissioner is inadequately documented due to insufficient descriptions of activity. Indeed, TiZA cites to twenty-one time entries which it maintains contain insufficient explanations, representing 84.2 claimed billable hours.

The Commissioner was involved in this litigation for nearly two years. The record speaks for itself as to how highly contested and heavily litigated this matter was during those two years. The case is undeniably complex, involving a large record, numerous motions, and intensive discovery. The discovery included over forty days of depositions, numerous disputes, and over 230,000 pages of produced documents. Further, the case involved several parties with complex and diverse interests. The Commissioner staffed this case with two attorneys at reasonable hourly rates. The Court acknowledges, however, that the Commissioner's descriptions of activities on the submitted time sheets are not all adequately detailed. After reviewing the time sheets, the Court concludes that the Commissioner is entitled to $275,000.00 in attorney fees and that such an award is reasonable.

With respect to the Commissioner's request for costs, TiZA asserts that the Commissioner's claim for $162,000 in electronic discovery costs is unreasonable. TiZA claims, without support, that the document management system used by the Commissioner was unreasonably priced and that other commercially available document management software systems could be purchased for $10,000 to $20,000. TiZA makes

this assertion without explaining how those document management software systems would apply to the electronic discovery requirements met by the Commissioner in this case. The Commissioner explains that to meet her discovery requirements, she imaged a number of computers and that the contract for these services was competitively bid. After reviewing the record and the parties' arguments, the Court concludes that the Commissioner is entitled to recover $100,000 in electronic discovery costs. The Commissioner is also entitled to the remaining claimed costs minus the delivery charges, for a total costs award of $129,073.51. With the attorney fees, the Commissioner is entitled to a total of $404,073.51.

    **B.**    **IRUSA's Request**

IRUSA seeks an award of attorney fees in the amount of $928,427.37 and costs in the amount of $33,494.53, for a total of $961,921.90. In support, IRUSA relies on affidavits demonstrating the following billable work performed by attorneys, paralegals, and staff at Gammon & Grange, P.C., Kelly and Hannah, P.A., and Kelly and Berens, P.A.:[4]

| Timekeeper (Gammon & Grange, P.C.) | Hourly Rate | Hours Billed | Claimed Amount |
|---|---|---|---|
| Timothy R. Obitts, Partner | $290 | 1,586.2 | $459,998 |
| Scott J. Ward, Partner | $315 | 163 | $51,345 |

---

[4] Kelly and Hannah, P.A. was formed on February 1, 2011. (Doc. No. 651, Decl. of Sarah E. Bushnell ("Bushnell Decl.") ¶ 2.) Its lawyers and support staff are former partners and employees of Kelly & Berens, P.A., which represented IRUSA in this action prior to February 1, 2011. (*Id.*)

8

| | | | |
|---|---|---|---|
| George R. Grange II, Partner | $395 | 36.4 | $14,378 |
| Christian Nagel, Sr. Associate | $250 | 77.5 | $19,375 |
| Mae Cheung, Sr. Associate | $215 | 32.2 | $6,923 |
| Dawn Sikorski, Associate | $180 | 65.5 | $11,790 |
| Stephanie Patton, Associate | $160 | 130.1 | $20,816 |
| David Nammo, Contract Attorney | $150 | 38.7 | $5,805 |
| Charles M. Cannizzaoro, Summer Associate | $140 | 95.6 | $13,384 |
| Mary Tanner Noel | $135 | 21 | $2,835 |
| Mu Hung, Law Clerk | $105 | 35 | $3,675 |
| Francesca S. Fitch, Paralegal | $105 | 45.7 | $4,798.50 |

| Timekeeper (Kelly and Hannah, P.A.) | Hourly Rate | Hours Billed | Claimed Amount |
|---|---|---|---|
| Sarah E. Bushnell, Partner | $280 | 799.4 | $223,832.00 |
| Max H. Kiely, Associate | $200/$225 | 320.35 | $67,868.75 |
| Darcy M. Rand, Paralegal | $100/$175/$200 | 67.4 | $12,110.00 |
| Tracey L. Baubie, Partner | $280 | 40.3 | $11,284.00 |
| Jennifer S. Wilson, Contract Attorney | $280/$325 | 32.7 | $9,347.25 |
| Paul R. Hannah, Partner | $475 | .25 | $118.75 |
| Stephanie A. Albert | $280/$325 | 10 | $2,980.00 |
| Erin K. Fogerty-Lisle | $375 | .5 | $187.50 |

| Sean R. Sommermeyer | $190 | 9.15 | $1,738.50 |
| Renee Schaff | $100/$210 | 7.05 | $1,436.50 |
| Kathy L. Bitterly | $210 | 5.3 | $1,113.00 |

(Doc. No. 650 , Decl. of Scott J. Ward ("Ward Decl.") ¶¶ 9-24 & Ex. A; Bushnell Decl. ¶ 23.)  The hours reflected in the fee request account for time spent on the case from July 2009 through April 2011.  The hourly rates charged by Gammon & Grange, P.C., are discounted below the hourly rates normally charged by the firm.  (Ward Decl. ¶¶ 9-24.)

The costs sought by IRUSA total $33,494.40, and include costs for photocopies, research, telecopies, delivery and shipping charges, deposition costs, transcription costs, postage, mediation fees, witness expenses, PACER charges, telephone charges, Minnesota Senate website charges, parking, flash drive charges, and mileage.  (Bushnell Decl. ¶ 24.)

TiZA argues that IRUSA's claim for attorney fees and costs is unreasonable.  For example, TiZA claims that IRUSA commonly sent multiple attorneys to appearances and suggests that this was unnecessary because TiZA was the primary target of the ACLU's lawsuit.  TiZA also argues that IRUSA seeks fees and costs related to its response to the ACLU's claims, but also fees and costs associated with establishing a right to indemnification.  TiZA argues that the latter are not allowed under the indemnification agreement.  TiZA does not, however, make any particular challenge to the reasonableness of the hourly rates charged, to any particular time entries, or to the costs requested.

As noted above, this case involved complex and highly contested litigation between several parties with diverse interests. The Court agrees with IRUSA that the hourly rates charged by the various attorneys and paralegals are reasonable. However, the Court has reviewed the billing records and the parties' arguments and believes that a reasonable total amount of attorney fees for IRUSA in this action is $600,000. The Court also deems it reasonable to award expenses related to research ($9,230.14), deposition costs ($10,715.35), transcription costs ($501.55), mediation fees ($2,675), and witness expenses ($50.20) for a total cost award of $23,172.24. Thus, IRUSA is entitled to an award for both attorney fees and costs totaling $623,172.24.

## ORDER

Based upon the foregoing, and the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that both IRUSA's Motion for Attorneys' Fees and Costs (Doc. No. [645]) and the Commissioner's Petition for Attorneys' Fees and Costs Pursuant to D.Minn. LR 54.3(b)(2) (Doc No. [642]) are **GRANTED IN PART** as follows:

1. IRUSA shall recover attorney fees in the amount of $600,000 and costs in the amount of $23,172.24 for a total award of $623,172.24.

2. The Commissioner shall recover attorney fees in the amount of $275,000 and costs in the amount of $129,073.51 for a total award of $404,073.51.

Dated: February 28, 2012          s/Donovan W. Frank
                                  DONOVAN W. FRANK
                                  United States District Judge